April Term, 1879.

HEARD APRIL TERM, 1879.

CASE No. 728.

LUCY H. ALEXANDER v. WILLIAM L. HAMILTON.

Lands sold at sheriff's sale during coverture may be assessed, by commissioners in dower, at a greater valuation, at the date of sale, than the price for which they sold.

Before ALDRICH, J., at Chester, November, 1878.

This was an appeal from the Court of Probate. The plaintiff was the widow of Sample Alexander, and demanded dower in a tract of land belonging to defendant. The land had been sold as the property of Sample Alexander, in 1868, during his lifetime, under a judgment upon which there was due over $2000. It was purchased by the brother of the plaintiff in that judgment for $500, and re-sold by the purchaser, in 1875, for $1500. The commissioners in dower valued the land, at the time of sale, at $1031.25, and assessed the widow's dower at $171.87. One of the commissioners, sworn as a witness, said he wanted the land when sold in 1868, and would have given $1031.25 for it, but did not bid, as he heard it was being sold under a judgment for a large amount. There was no other testimony. The judge of probate confirmed the return, and, upon appeal to the Circuit Court, his decree was affirmed.

Defendant appealed to this court, upon the ground that the value of the land, at the time of alienation, was ascertained by the positive proof of the sale by the sheriff and his deed, and that the valuation by the commissioners was merely speculative, and should be set aside.

*Mr. S. P. Hamilton*, for appellant.

*Messrs. J. & J. Hemphill*, for respondents.

April 28th, 1879. The opinion of the court was delivered by McIVER, A. J. The only question in this case is whether commissioners appointed to admeasure a widow's dower in land,

which had been sold by the sheriff under executions against the husband, during his lifetime, are obliged to adopt the amount which the land brought at such sale as " the value of the land at the time of alienation," or whether they may not make their own estimate of such value. The language of the statute would seem to furnish a conclusive answer to this question. It is as follows: " On all assessments of dower against a purchaser, in behalf of a widow of a former owner, the value of the land at the time of alienation by the husband, with interest from the accrual of the right of dower, shall be taken and received by the courts of this state as the true value on which to assesss the said dower." *Gen. Stat.*, ch. *CXIII.*, § 7, *p.* 530. The object of this statute, which was originally passed in 1824, was to fix the time at which the value of the land was to be ascertained, and thereby settle what had previously been a disputed question. If, therefore, the legislature had designed that the amount which the land brought at such alienation should be the test of its value, they would, doubtless, have said so. The mind of the legislature was at the time turned towards the purpose of making the law upon this subject definite and certain, and if they had intended to establish a rule by which the value could be definitely measured, as well as to fix the time when such rule should be applied, they certainly would have said so. Again, it would seem to be a work not only of supererogation, but of needless delay and expense, to appoint commissioners to fix an amount which could be as easily fixed by an inspection of the sheriff's books. But, in addition to this, we would be slow to conclude, in the absence of any express declaration on the part of the legislature, or an absolutely necessary inference from what they have said, that they intended to establish a rule which would in many cases work the grossest injustice, and tend to impair materially the value of a right which is said to be favored in law. For experience demonstrates that a forced sale by a sheriff, under an execution, furnishes a very insufficient test of the real value of the property so sold.

No case has been cited which is directly in point, but the appellant contends that *Brown.* v. *Duncan*, 4 *McC.* 346, furnishes ground for his position. That case, however, at the utmost,

only holds that where the land was sold, at a public sale, for $40,000, and the commissioners in dower based their assessment upon an estimated value of $30,000, under the idea that the land had deteriorated in value between the time of the sale and the death of the husband, thus disregarding the provisions of the act of 1824, such estimate was erroneous, because it was in violation of the provisions of that act. But the question as to the rule by which the value is to be ascertained is not considered or determined. Reliance is also placed upon *Keith* v. *Trapier, Bail. Eq.* 63, or rather upon the following language, extracted from the decree of the Circuit Court in the case: "The value cannot be ascertained by any better test than what the property actually brought on sale." This language, however, must be construed in reference to the circumstances of the case in which it was used. These circumstances were as follows: "The husband of the dowress had contracted to sell the land to one Anderson for the sum of $34,000, but in order to disencumber the title it was agreed that the land should be sold under a judgment for foreclosure of a mortgage which rested upon it, and that Anderson should bid it off provided it did not go beyond the stipulated price, and if he should bid it off for less than that price, he was nevertheless to pay such price to the husband." At the sale the land was bid off for $27,000, and Chancellor Harper, in determining whether the amount actually agreed to be paid or the amount bid at the sale should form the basis for the assessment of the widow's dower, uses the language above quoted, and held that the price actually agreed to be paid, and not the amount bid at the sale, should form the basis for the assessment of the dower. This shows very clearly that, in the opinion of that distinguished Chancellor, the amount for which land is bid off at a public sale is not the absolute test of its value by which an assessment of dower is to be made. These two cases can, at most, only be said to establish the proposition that commissioners in dower, in estimating the value of land which has been sold during the coverture, will not be allowed to estimate such value at a sum *less* than the amount which such land actually brought at such sale, but they are very far from establishing the further proposition that they will not be allowed to estimate such value at an amount

*greater* than that which it brought at such sale. We think, as was said by the Circuit judge in *Russell* v. *Gee*, 2 *M. Con. Rep.* 255, that proof of the amount which the land brought at the sheriff's sale is far from conclusive evidence of "the value of the land at the time of the alienation."

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

WILLARD, C. J., and HASKELL, A. J., concurred.